McFarland, J.,
delivered the opinion of the court:
Hambright and wife brought this action before a justice of the peace to recover of the executors of the will of Jesse Kerr, Sr., deceased, $250,. the portion of a reward which, it is alleged, said Jesse Kerr, in his lifetime, offered for 1he apprehension of Leonard Kerr and John Kerr, who had shortly before, robbed said Jesse of a large sum of money.
On the trial a paper was read, without objection, signed by Jesse Kerr, Sr., offering $1,000 for the apprehension and delivery of the two robbers to the proper authorities, and return of the money, or $500 for the apprehension and delivery of the robbers to the proper authorities, or $500 for the return of the money.
In an addendum, it is stated that he has since been informed that the robbers were John and Leonard Kerr. It may be implied from statements of witnesses found in the record, that this paper was-published, though there is no direct proof of the fact. It appears that some time after this, John Kerr, one of the alleged robbers, went to- the house of the plaintiffs, in Loudon, and said to Mrs. Ham-bright: “You know what is up; there is a reward offered for me, and I want yo-u to get the reward, and I surrender myself to you.” That Mrs. Hambright then sent for the town officer of Loudon, who came and received Kerr into custody, and took him away. And for this the reward is claimed. It is further in proof that afterwards, Jesse Ken-said to Mrs. Hambright that he was very glad she had arrested John Kerr; that she hod always been a favorite niece of his and he wanted her to get the reward of $250. He said that the town officer also claimed the reward, and that he was advised by Hr. Mahoney, the mayor, that it was his duty to look into it; that he did not attach much *65 importance to the claim of the town officer, but as soon as it passed away, he would pay Mrs. Hambright.
This is, in substance, the entire case.
The promise made by Jesse 'Kerr, after the arrest, to pay Mrs. Hambright, upon the supposition that she had become entitled to the reward by reason of having apprehended the robber, would be without consideration and could not be enforced. The charge of the judge does not present this question to the jury in this aspect. But the main question is, can the plaintiffs recover upon the facts stated? Did Mrs. Hambright, in reality, apprehend and arrest John Kerr? In the case of Bledsoe et al., v. Jackson [4 Sneed, 429], it appears that the plaintiffs who sued for the reward, had, in reality, made themselves accessaries after the fact, to the murder, having knowledge of the murderer’s place of concealment; kept up communcation with him, and furnished him with horse, money, etc., and finally it was agreed between them that the plaintiffs should deliver the accused’to the sheriff, and get the reward, which was to be divided. The accused was to receive part.
It was held they could not recover; that they did not, in any just sense, apprehend the accused. That case is, in many respects, different from this. There is no' proof ■of any previous complicity between Mrs. Hambright and .John Kerr, nor is there any proof that Kerr was to receive .any part of the reward. But can it be said that Mrs. Ham-bright, in any just sense, apprehended or arrested John Kerr?
It is manifest that Kerr had made up his mind to surren•der voluntarily, and, having done SO', he determined, if he could, to make Kerr pay the reward, if not to himself, at .any rate, to one whom jhe would select, 'and this scheme he ■carried out. Mrs. Hambright did nothing except simply to submit to Kerr’s direction. He chose, voluntarily, to remain at her house until the officer came. Mrs. Ham- *66 bright, evidently according to Kerr’s direction, sent a third party (one B. K Ham bright), after the officer, and this is all she did.
If this entitles her to the reward, such ruling would enable the accused in such cases, who' may contemplate a voluntary surrender, or who may, perhaps, find they will be captured, to secure the. reward to any friend they may select, without regard to whether they have, in good faith, done anything toward their apprehension or arrest, and by such means,. they might often secure to themselves the benefit of the reward. We think the policy of the law which permits rewards to be offered and paid, is to stimulate the citizens to greater activity and zeal in the discharge of their duty, in the arrest of offenders.
But we think this policy would ■ not be subserved by allowing a recovery in this case. We see no reason to doubt Mrs. Hambright’s good faith in the matter, but in our opinion, she did nothing to entitle her to the reward.
Let the judgment be reversed, and the cause remanded.